829 F.2d 35
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Maggie ERVIN, Marilyn Pauling, Plaintiff-Appellant,
v.
William B. TRAXLER, officially as Circuit Court Judge for
the Seventh Judicial Circuit and individually,
Defendant-Appellee.
 No. 87-2535
 United States Court of Appeals, Fourth Circuit.
 Argued July 27, 1987.
Decided September 11, 1987.
 
 Fletcher N. Smith, Jr., for appellant.
 Richard Bevins Kale, Jr., Senior Assistant Attorney General (T. Travis Medlock, Attorney General, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Maggie Ervin and Marilyn Pauling seek review of the district court's dismissal of their action against South Carolina Judge, William B. Traxler and the imposition of Rule 11 sanctions against appellants' attorney, Fletcher Smith. Appellants contend that Judge Traxler's refusal to appoint them as guardians ad litem for Stacy and Allen Ervin (Maggie Ervin's daughter and grandson) was in violation of several of their constitutional rights, and therefore, enforcement of his order, appointing others as guardians, should be enjoined. The district court concluded that it lacked subject matter jurisdiction, dismissed the action, and imposed Rule 11 sanctions against appellants' attorney. We affirm the district court's dismissal of the action but remand to the district court for reconsideration of whether a sanction should be applied and, if so, how much.
 
 I.
 
 2
 Allen Ervin was born in July of 1985, the son of Stacy Ervin, an unwed mother, aged thirteen. While in a Spartanburg hospital for a routine circumcision Allen suffered severe physical injuries which appear to be permanent. Civil actions were contemplated and so it was necessary to appoint a guardian ad litem for both Stacy and Allen.
 
 
 3
 On two separate occasions the South Carolina Supreme Court, at the request of Appellant Maggie Ervin and her brother Jimmy, reversed the appointments of guardians ad litem by members of the South Carolina judiciary, before appointing Judge Traxler to hold a de novo hearing on the matter.
 
 
 4
 Judge Traxler denied the joint request of Maggie Ervin and Marilyn Pauling, a black female attorney, that they be appointed as guardians ad litem for Stacy Ervin and also denied Jimmy Ervin's request to be appointed as guardian ad litem for Allen Ervin. Instead, in an order dated December 31, 1986, Judge Traxler appointed Albert Smith, a black, and William Rhodes, two Spartanburg attorneys.
 
 
 5
 Once again review was sought before the South Carolina Supreme Court. The court denied the petitions for relief and dismissed all of petitioner's appeals. Plaintiffs' Motion for Reconsideration was denied.
 
 
 6
 In February, 1987, appellants filed a Summons and Complaint against Judge Traxler alleging violations of 42 U.S.C. Secs. 1981, 1982, 1983, 1985 and 1988 and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution. Appellants allege that by not appointing them as guardians ad litem, appellee violated their right to association, right to travel, right to be free from cultural and class bias and appellant Ervin's parental rights. Appellants seek an injunction enjoining appellee from executing his order of December 31, 1986, as well as an injunction setting aside the Order. Appellants also seek appointment as co-guardians ad litem for Stacy Ervin with the right to select an attorney of their choice to pursue the malpractice claim.
 
 II.
 
 7
 In District Court of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Supreme Court held that United States district courts have no subject matter jurisdiction over state court decisions in particular cases arising out of judicial proceedings, even if the challenges allege that the state court's action was unconstitutional. District courts do, however, have subject matter jurisdiction over general challenges to state bar rules promulgated by state courts in nonjudicial proceedings which do not require review of a final state court judgment in a particular case. 460 U.S. at 486; Czura v. Supreme Court of South Carolina, 813 F.2d 644, 646 (4th Cir. 1987).
 
 
 8
 In the instant case the appellants attack Judge Traxler's judicial decision as violative of their right to travel and right of association, and appellant Ervin's parental rights and right to be free from cultural and class bias. To the extent that appellants claims are personal in nature, Feldman makes clear that a federal district court does not have subject matter jurisdiction over them because they were raised before a state court.
 
 
 9
 A careful examination of appellants' complaint reveals that all of their claims are personal in nature. Therefore, we hold that the district court's dismissal of the action for lack of subject matter jurisdiction under Feldman was entirely proper.[1]
 
 III.
 
 10
 Quoted below is a portion of the record which indicates that the district court may have partially based its imposition of sanctions under Rule 11 on extrajudicial sources.
 
 
 11
 And this, to my knowledge, is the second time you've attacked the judiciary. Once was the federal judiciary, the Fourth Circuit, when you lost a case that I happened to be the trial judge on. You appealed it and lost it.
 
 
 12
 . . .
 
 
 13
 You then issued a statement . . . that appeared in the newspaper on August 29, [1985] and I quote you: 'Federal judges in South Carolina do not take civil rights cases seriously', said Smith. 'We're trying to get a federal judge to apply the law properly.' That's after the Fourth Circuit ruled against you. This is the second time you've attacked, to my knowledge, the judiciary without any cause whatsoever.
 
 
 14
 Immediately after making the remarks above the district judge dismissed the action and announced that he was imposing sanctions under Rule 11 against appellants' attorney, Fletcher Smith. Because extrajudicial sources should not be considered when imposing sanctions under Rule 11, we reverse the imposition of sanctions and remand the case to the district court with instructions that a different judge consider whether a sanction should be applied and, if so, what and how much in should be.[2]
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART and REMANDED.
 
 
 
 [1]
 Appellants' complaint states that Judge Traxler's December 31, 1986 order indicates that only South Carolina attorneys of the Seventh Judicial Circuit would be qualified to handle any potential medical malpractice case on behalf of Stacy Ervin, and that such a qualification is a violation of appellant Pauling's right to travel and right to practice her profession in any geographical area of the State of South Carolina. The complaint fails to allege, however, that it was the policy and custom of the South Carolina Judiciary to appoint, as guardians ad litem, only attorneys who reside in the judicial district where the individual requiring a guardian resides. As a result of appellants' failure to state a claim constituting a general challenge to a rule of the South Carolina judiciary, the district court correctly dismissed the claim on the basis of the Feldman case
 
 
 [2]
 The district court also erred in stating that another basis for its imposition of sanctions under Rule 11 was its belief that appellants' request for relief would have been barred by judicial immunity even if the court had had subject matter jurisdiction over the case. Judicial immunity is inapplicable when prospective injunctive relief, such as appellants' request to enjoin the enforcement of Judge Traxler's order, is sought. Pulliam v. Allen, 466 U.S. 522 (1984)